IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Ollie Robertson, | Civil Action No.: 1:16-cv-1246 |
| Plaintiff, | |
| v. | |
| Regional Acceptance Corporation d/b/a Regional Credit Corporation, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Ollie Robertson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and the North Carolina Fair Debt Collection Practices Act by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Ollie Robertson ("Plaintiff"), is an adult individual residing in Aberdeen, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant Regional Acceptance Corporation d/b/a Regional Credit Corporation ("Regional"), is a North Carolina business entity with an address of 150 Fayetteville Street, Box

1011, Raleigh, North Carolina, 27601, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

6. Within the last four years Regional calls Plaintiff's cellular telephone, number 910-XXX-3494, in an attempt to collect a financial obligation (the "Debt") allegedly owed by Plaintiff.

7. Plaintiff had co-signed for the Debt for her daughter.

8. Upon information and belief, during all times mentioned herein, Regional called Plaintiff by using an automatic telephone dialing system ("ATDS" or "predictive dialer") and by using an artificial prerecorded voice.

9. Upon answering the calls from Regional, Plaintiff was met with a prerecorded message stating it was a call from Regional for Plaintiff.

10. During a live conversation with Regional in January 2013, Plaintiff demanded all calls to her cellular telephone cease, and directed Regional to call Plaintiff's daughter.

11. Despite the foregoing, Regional continued calling Plaintiff by using an artificial prerecorded voice in an attempt to collect the Debt.

## COUNT I

## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

14. Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

15. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

16. Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct, the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the Debt.

17. Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances.

## COUNT II

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

20. Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

21. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Upon information and belief, at all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

24. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

25. Defendant's telephone system has earmarks of a Predictive Dialer, and the messages left were an artificial or recorded voice.

26. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

4

27. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. Defendants contacted Plaintiff by means of automatic telephone calls and/or recorded or artificial voice calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

29. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

30. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

32. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 75-56.

2. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 24, 2016

> Respectfully submitted,
>
> By:    /s/ Ruth M. Allen
>
> Ruth M. Allen, Esq.
> Bar Number: 34739
> 7413 Six Forks Road, Suite 326
> Raleigh NC  27615
> Email: rallen@lemberglaw.com
> Telephone: (855) 301-2100 Ext. 5536
> Facsimile:  (888) 953-6237
> Attorney for Plaintiff
>
> Of Counsel To:
>
> Sergei Lemberg, Esq.
> LEMBERG LAW, L.L.C.
> 43 Danbury Road, 3rd Floor
> Wilton, CT 06897
> Telephone: (203) 653-2250
> Facsimile:  (203) 653-3424

6